UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID A. MOORE,<br><br>                      Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>                      Defendants. | CASE NO. C19-0293-JLR-MAT<br><br>ORDER RE: PROPOSED COMPLAINT/PETITION AND OTHER REQUESTS FOR ASSISTANCE AND RELIEF |

Plaintiff, an inmate at the King County Correctional Facility (KCCF), proceeds pro se and *in forma pauperis* in this civil matter. Plaintiff filed an "[Americans with Disabilities Act (ADA)] petition for writ of habeas corpus, under and through the [ADA] and its applicable amendments, including all the aforementioned laws, statutes, and rights in this court." (Dkt. 4-1 at 4.) He alleges he is disabled and "mobility-impaired," and that his walking cane was taken away on January 9, 2018 after a "fabricated 'custodial assault' charge." (*Id*. at 3-4.) He contends he has since been forced to crawl to access services within and beyond KCCF, including, but not limited to, meals, medical services, showers, disciplinary hearings, Islamic faith services, and court. Plaintiff also asserts his innocence and seeks relief in his currently pending criminal matter. (*Id*. at 4, 7.)

In the caption of the complaint, plaintiff identifies as defendants the United States and King

ORDER
PAGE - 1

County and "its entities and affiliates," listed as: King County Superior Court and its "Doe" employees; King County Jail (or KCCF); King County Ombudsman Office(s); King County Office of Public Defense; King County Risk Management Office(s); King County Civil Rights Office(s); King County Sheriff Office(s) (Metro and Sound Transit Divisions); King County Metro and Sound Transit; King County Public Health Department; Seattle Police Department; Seattle Civil Rights Office(s); Harborview Medical Hospital(s); Securus Technologies; Federal Public Defender Office(s); and federal judges "Tsuchida" and "Coughenour." (*Id.* at 1.) Within the body of the complaint, plaintiff attributes the alleged acts and omissions to the United States, King County, and KCCF. Plaintiff also requested the appointment of counsel, filed a motion for emergency relief through a temporary restraining order/preliminary injunction, and provided "Judicial Notice" as to the identities of over 100 Doe defendants. (Dkts. 4-1, 5 & 6.)

Now, having reviewed the proposed complaint/petition and plaintiff's other submissions, the Court finds and concludes as follows:

(1) In seeking habeas corpus relief, plaintiff points to his ongoing criminal proceeding in King County Superior Court Cause Number 16-1-02294-1-SEA. A review of the docket in that case reveals a trial continuation as of November 2, 2018. *See* https://dw.courts.wa.gov. Plaintiff has therefore not yet been convicted or sentenced in relation to this criminal matter. Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from an individual in custody pursuant to the judgment of a state court. This Court has no jurisdiction to intervene in ongoing state court proceedings. *See Demos v. U.S. Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (pursuant to 28 U.S.C. § 1651, a federal court "lacks jurisdiction to issue a writ of mandamus to a state court[,]" and accordingly, writs requesting that a federal court "compel a state court to take or refrain from some action," are "frivolous as a

ORDER
PAGE - 2

matter of law.") Because no judgment has been entered against plaintiff, this Court lacks jurisdiction to consider a habeas petition and will not construe this matter as seeking habeas relief.[1]

(2) Federal Rule of Civil Procedure 8 (a)(2) requires that a pleading contain a short and plain statement of the claim showing plaintiff is entitled to relief. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8 (d)(1). The complaint must give defendants fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although it need not provide detailed factual allegations, the complaint must give rise to something more than mere speculation that plaintiff has a right to relief. *Id*. Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff fails to provide a short and plain statement of his claims showing he is entitled to relief, fair notice of his claims and the grounds upon which they rest, and specific, plausible facts supporting those claims. Should plaintiff wish to proceed with this action, he must submit a concise and organized document meeting these requirements. The Court further finds the complaint deficient in the following respects:

(a) Plaintiff alleges the violation of his rights under the ADA and the Rehabilitation Act (RA). Title II of the ADA applies to all state and local governments and states in pertinent part: "No qualified individual with a disability shall, by reason of

---

[1] Nor would plaintiff otherwise be able to combine a habeas action with another claim. *See Nettles v. Grounds*, 830 F.3d 922, 927, 931 (9th Cir. 2016) (a habeas corpus petition "is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas[,]" and a § 1983 action is "the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.") (quoted and cited sources omitted), and *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) ("There is no reason to believe that ADA claims should be treated any differently than § 1983 claims when examining whether a prisoner's case should have been brought under habeas corpus.")

such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To prove a violation of Title II, plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). To make a claim under § 504 of the RA, plaintiff must show: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *Id.*; 29 U.S.C. § 794.

Plaintiff appears to allege a failure to allow his use of or to provide him with necessary ambulation aids. However, the ADA and RA do not provide causes of action for challenges to a prisoner's medical care. *See Simmons v. Navajo Co., Arizona*, 609 F.3d 1011, 1022 (9th Cir. 2010). The ADA and RA "prohibit[] discrimination because of disability, not inadequate treatment for disability." *Id*. (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.")) Plaintiff therefore may not base an ADA/RA claim on the purported failure to allow or provide him with ambulation aids or other inadequate medical care. If plaintiff intends to pursue a claim under the ADA/RA, he must set forth specific, plausible facts showing his treatment resulted from discrimination because of a disability, and that he otherwise satisfies the requirements for bringing an ADA or RA claim.

Plaintiff must also identify an appropriate defendant in relation to any ADA/RA claim. The proper defendant would be the public entity responsible for the alleged discrimination. *See United States v. Georgia*, 546 U.S. 151, 153-54 (2006). In this case, it appears King County and/or KCCF could be identified as a defendant to an ADA/RA claim. *See Duvall*, 260 F.3d at 1141 (noting the RA and ADA apply to municipalities and counties). Plaintiff is further advised that the ADA and RA do not impose liability on individuals. *See Valenzuela v. Masoon*, No. 17-17406, 2018 U.S. App. LEXIS 19305 at *1 (9th Cir. Jul. 13, 2018) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs.")) *See also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (a plaintiff cannot assert a claim under 42 U.S.C. § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and RA).[2]

(b) If plaintiff does seek to challenge his medical care, such a claim would be brought pursuant to 42 U.S.C. § 1983. To sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court applies a deliberate indifference standard in considering claims relating

---

[2] To the extent plaintiff sought to pursue an ADA/RA claim against individuals in their official capacities, he is advised that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoted source omitted). Also, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation of federal law.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoted sources omitted).

ORDER
PAGE - 5

to medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017). A prisoner or pretrial detainee must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. A serious medical need exists if the failure to treat an inmate's condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

The Court evaluates a pretrial detainee's Fourteenth Amendment claim alleging a violation of the right to adequate medical care under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070). A plaintiff must demonstrate: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury. *Id*. at 1125.

If plaintiff seeks to pursue a medical deliberate indifference claim under § 1983, he must explain and support that claim with specific, plausible facts and details, including the dates of events at issue. If plaintiff seeks to pursue a claim alleging violation of some other

constitutional right, he must identify the right violated and explain and support that claim.

Plaintiff must also name a proper defendant to any § 1983 claim and connect the defendant to the allegations in the complaint. Plaintiff appears to raise challenges associated with his confinement at KCCF. KCCF is an entity of King County. Neither KCCF, nor any other entity of King County (including the Superior Court, Ombudsman Office, Office of Public Defense, Risk Management Office, Civil Rights Office, Sheriff's Office, Metro and Sound Transit, Public Health Department, and Civil Rights Office) is a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.") A local government unit or municipality, like King County, can be sued as a "person" under § 1983. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a county cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a county, or other local governmental unit or municipality, must identify the county "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Therefore, if plaintiff elects to pursue a claim against King County, he must specifically identify King County as a defendant and the county policy or custom that violated his constitutional rights.

Plaintiff may also seek to name individual defendants. (*See* Dkt. 4-1 at 1 and Dkt. 6.) If so, he must allege facts showing how each individual caused or personally participated in causing the harm alleged. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Supervisory personnel may not be held liable for actions of subordinates under a

theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must set forth facts showing when, where, and how an individual personally participated in causing him harm of constitutional dimension.

    (c)    Plaintiff lists numerous other statutory provisions in the complaint, but fails to discuss those provisions or explain how they apply or would serve to provide him with relief. (*See* Dkt. 4-1 at 1-2.) To the extent plaintiff seeks to pursue a claim under any of these provisions, he must identify the specific statute violated, explain its applicability to his claim, set forth facts in support, and identify a proper defendant.

    (d)    Other entities and individuals identified in the caption of the complaint are not properly sued in this matter and/or do not appear connected to the allegations raised. The United States has sovereign immunity except when it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Neither states, nor entities that are arms of the state, including Harborview Medical Center, are "persons" for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Hontz v. State*, 105 Wn.2d 302, 310, 714 P.2d 1176 (1986). Nor is a municipal department or bureau, such as the Seattle Police Department or Seattle Office of Civil Rights, a proper defendant in an action under § 1983. *See United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring); *City of Seattle v. Dutton*, 147 Wn. 224, 226, 265 P. 729 (1928). Private entities and individuals, such as Securus Technologies and public defenders, are not acting under color of state law and subject to suit under § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Finally, § 1983 claims for monetary damages against judges are barred by absolute judicial immunity, *Mireles v. Waco*, 502 U.S. 9, 9-12

(1991), and there is no apparent connection between the allegations raised and the federal judges identified as defendants in this matter. Plaintiff should not, as such, include these entities or individuals as defendants in any amended pleading.

(e) Pursuant to the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It applies to both prisoners and pretrial detainees, *see, e.g.*, *Panaro v. City of North Las Vegas*, 432 F.3d 949, 950, 952 (9th Cir. 2005), and to § 1983 claims and suits brought under the ADA and RA, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059-62 (9th Cir. 2007). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007). It must be "proper" and include compliance with a prison's grievance procedures. *Id*. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). Plaintiff should, in any amended complaint, address the question of whether he has properly exhausted his administrative remedies.

(3) Because of the deficiencies described above, the Court declines to serve the complaint or to direct that an answer be filed. However, plaintiff is granted leave to amend his complaint, if possible, to correct the identified deficiencies. Within **thirty (30) days** from the date of this Order, plaintiff may submit an amended complaint that corrects the deficiencies outlined above. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend this matter be dismissed.

(4) Plaintiff also requests the appointment of counsel. (Dkt. 4-1 at 2, 5-7.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he Court may request an attorney to represent any person unable to afford counsel." However, there is no right to appointment of counsel in a civil case. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Moreover, the Court may appoint counsel only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. In this case, the Court lacks sufficient information to make a determination as to either the likelihood of success on the merits or plaintiff's ability to articulate his claims pro se. Based on the information available at this juncture, the Court does not find exceptional circumstances warranting the appointment of counsel. Plaintiff's request for appointment of counsel is DENIED, without prejudice to its renewal at a later date.

(5) Plaintiff also filed an "Ex Parte Emergency Temporary Restraining Order and Preliminary Permanent Injunction and Damages." (Dkt. 5.) The Court, however, declines to rule on this motion for emergency relief in the absence of a serviceable complaint. The Clerk is therefore directed to STRIKE the noting date associated with this motion.

/ / /

/ / /

/ / /

/ / /

ORDER
PAGE - 10

(6) The Clerk is also directed to send to plaintiff a copy of this Order and a blank copy of a civil rights complaint form, and to send a copy of this Order to the Honorable James L. Robart.

DATED this 5th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge