UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID A. MOORE, | |
| Plaintiff, | CASE NO. C19-0293-JLR-MAT |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES, et al., | |
| Defendants. | |

INTRODUCTION

Plaintiff, an inmate at the King County Correctional Facility (KCCF), proceeds pro se and *in forma pauperis* in this civil matter. The Court, having reviewed both the proposed complaint (Dkt. 4-1) and a statement submitted after the Court issued an Order providing plaintiff an opportunity to amend (Dkt. 10), recommends this matter be DISMISSED.

BACKGROUND

Plaintiff filed an "[Americans with Disabilities Act (ADA)] petition for writ of habeas corpus, under and through the [ADA] and its applicable amendments, including all the aforementioned laws, statutes, and rights in this court." (Dkt. 4-1 at 4.) He alleges he is disabled and mobility-impaired, and that his walking cane was taken away on January 9, 2018 after a

REPORT AND RECOMMENDATION
PAGE - 1

"fabricated 'custodial assault' charge." (*Id*. at 3-4.) He contends he has since been forced to crawl to access services within and beyond KCCF, including, but not limited to, meals, medical services, showers, disciplinary hearings, Islamic faith services, and court. Plaintiff also asserts his innocence and sought relief in his currently pending criminal matter. (*Id*. at 4, 7.)

In the caption of the complaint, plaintiff identified as defendants the United States and King County and "its entities and affiliates," listed as: King County Superior Court and its "Doe" employees; King County Jail (or KCCF); King County Ombudsman Office(s); King County Office of Public Defense; King County Risk Management Office(s); King County Civil Rights Office(s); King County Sheriff Office(s) (Metro and Sound Transit Divisions); King County Metro and Sound Transit; King County Public Health Department; Seattle Police Department; Seattle Civil Rights Office(s); Harborview Medical Hospital(s); Securus Technologies; Federal Public Defender Office(s); and federal judges "Tsuchida" and "Coughenour." (*Id*. at 1.) Within the body of the complaint, plaintiff attributed the alleged acts and omissions to the United States, King County, and KCCF. Plaintiff also requested the appointment of counsel, filed a motion for emergency relief through a temporary restraining order/preliminary injunction, and provided "Judicial Notice" as to the identities of over 100 Doe defendants. (Dkts. 4-1, 5 & 6.)

By Order dated April 5, 2019, the Court identified a number of deficiencies in the pleading and declined to serve the proposed complaint/petition or to direct that an answer be filed. (Dkt. 9.) The Court also denied the request for appointment of counsel and declined to rule on the motion for emergency relief in the absence of a serviceable complaint. The Court granted plaintiff leave to amend, if possible, within thirty days of the date of the Court's Order.

On May 9, 2019, plaintiff submitted a statement to the Court. (Dkt. 10.) The statement indicates the issues identified in the proposed complaint remain ongoing and a desire to amend by

adding parties and allegations, including allegations against this Court and its Judges. Plaintiff did not submit an amended pleading, explain proposed amendments with specificity or clarity, or respond to the deficiencies identified in the Court's Order. The statement is in large part unintelligible. (*See, e.g.*, *id.* at 2 (". . . Compounding through your 'Tsuchida and his "Doe" co-staff' res judicata infliction upon me in 2017 while I was 'rottening' then fully reveals and solidifies, supports these ongoing attacks from his (Tsuchida) and co-staff (Coughenour, Theiler, etc.) – for their entity 'county' friends, in blatant connivance with them, as I am being suffered with pure racist suspect discriminatory classifications and outrageous (ad-seg) governmental misconduct attacks."))

Now, having reviewed both the proposed pleading and plaintiff's statement, the Court concludes this matter should be dismissed for the reasons set forth below.

DISCUSSION

As reflected above, plaintiff sought both habeas relief and relief under the ADA and other statutes. In seeking habeas relief, plaintiff pointed to his ongoing criminal proceeding in King County Superior Court Cause Number 16-1-02294-1-SEA. Both at the time of the Court's initial review and following receipt of plaintiff's statement, the docket in plaintiff's criminal proceeding reveals a trial continuation as of November 2, 2018. *See* https://dw.courts.wa.gov. Plaintiff has therefore not yet been convicted or sentenced in relation to his criminal matter. Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from an individual in custody pursuant to the judgment of a state court. This Court has no jurisdiction to intervene in ongoing state court proceedings. *See Demos v. U.S. Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (pursuant to 28 U.S.C. § 1651, a federal court "lacks jurisdiction to issue a writ of mandamus to a state court[,]" and accordingly, writs requesting that

REPORT AND RECOMMENDATION
PAGE - 3

a federal court "compel a state court to take or refrain from some action," are "frivolous as a matter of law.") Because no judgment has been entered against plaintiff, this Court lacks jurisdiction to consider a habeas petition and this matter is not construed as seeking habeas relief.[1]

Federal Rule of Civil Procedure 8 (a)(2) requires that a pleading contain a short and plain statement of the claim showing plaintiff is entitled to relief. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8 (d)(1). The complaint must give defendants fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although it need not provide detailed factual allegations, the complaint must give rise to something more than mere speculation that plaintiff has a right to relief. *Id*. Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff here fails to provide a short and plain statement of his claims showing he is entitled to relief, fair notice of his claims and the grounds upon which they rest, or specific, plausible facts supporting those claims. His complaint is further deficient in numerous other respects.

A.    ADA/Rehabilitation Act

Plaintiff alleges violation of his rights under the ADA and the Rehabilitation Act (RA). Title II of the ADA applies to all state and local governments and states in pertinent part: "No qualified individual with a disability shall, by reason of such disability, be excluded from

---

[1] Nor would plaintiff otherwise be able to combine a habeas action with another claim. *See Nettles v. Grounds*, 830 F.3d 922, 927, 931 (9th Cir. 2016) (a habeas corpus petition "is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas[,]" and a § 1983 action is "the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.") (quoted and cited sources omitted), and *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) ("There is no reason to believe that ADA claims should be treated any differently than § 1983 claims when examining whether a prisoner's case should have been brought under habeas corpus.")

REPORT AND RECOMMENDATION
PAGE - 4

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To prove a violation of Title II, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  To make a claim under § 504 of the RA, plaintiff must show: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.  *Id.*; 29 U.S.C. § 794.

In the proposed complaint, plaintiff appears to allege a failure to provide or allow for his use of necessary ambulation aids.  However, the ADA and RA do not provide causes of action for challenges to a prisoner's medical care.  *See Simmons v. Navajo Co., Arizona*, 609 F.3d 1011, 1022 (9th Cir. 2010).  The ADA and RA "prohibit[] discrimination because of disability, not inadequate treatment for disability."  *Id.* (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."))  Plaintiff therefore may not base an ADA/RA claim on the purported failure to allow or provide him with ambulation aids or other inadequate medical care.

In his statement, plaintiff does appear to allege discrimination based on his disability, as well as his race and religion.  (*See* Dkt. 10.)  However, neither the statement, nor the complaint sets forth a short and plain statement of a claim showing plaintiff is entitled to relief or specific, plausible facts supporting such a claim.

Nor did plaintiff provide clarity in his statement as to appropriate defendants in relation to

REPORT AND RECOMMENDATION
PAGE - 5

an ADA/RA claim. The ADA and RA do not impose liability on individuals. *See Valenzuela v. Masoon*, No. 17-17406, 2018 U.S. App. LEXIS 19305 at *1 (9th Cir. Jul. 13, 2018) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs.")) *See also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (a plaintiff cannot assert a claim under 42 U.S.C. § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and RA).[2] The proper defendant with such a claim would be the public entity responsible for the alleged discrimination. *See United States v. Georgia*, 546 U.S. 151, 153-54 (2006). In this case, it appears King County and/or KCCF could be identified as a defendant to an ADA/RA claim. *See Duvall*, 260 F.3d at 1141 (noting the RA and ADA apply to municipalities and counties). However, even if plaintiff had associated a proper defendant, he fails to state a claim under the ADA/RA.

B.   <u>Section 1983</u>

The Court advised plaintiff that, if he did seek to challenge his medical care, such a claim would be brought pursuant to 42 U.S.C. § 1983. Plaintiff would have to show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court applies a deliberate indifference standard in considering claims relating to

---

[2] The Court advised plaintiff that, to the extent he sought to pursue an ADA/RA claim against individuals in their official capacities, official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoted source omitted). Also, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation of federal law.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoted sources omitted).

medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017). A prisoner or pretrial detainee must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. A serious medical need exists if the failure to treat an inmate's condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

The Court evaluates a pretrial detainee's Fourteenth Amendment claim alleging a violation of the right to adequate medical care under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070). A plaintiff must demonstrate: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury. *Id*. at 1125.

Plaintiff failed, in either the proposed complaint or his statement, to set forth a medical deliberate indifference claim under § 1983, with an explanation of the claim and support through specific, plausible facts and details, including the dates of events at issue. Nor did he set forth a claim alleging violation of any other constitutional right.

Plaintiff also failed to respond to the Court's directive to name a proper defendant to any

REPORT AND RECOMMENDATION
PAGE - 7

§ 1983 claim and to connect the defendant to the allegations in the complaint. Plaintiff appears to raise challenges associated with his confinement at KCCF. KCCF is an entity of King County. Neither KCCF, nor any other King County entity (including the Superior Court, Ombudsman Office, Office of Public Defense, Risk Management Office, Civil Rights Office, Sheriff's Office, Metro and Sound Transit, and Public Health Department) is a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.") A local government unit or municipality, like King County, can be sued as a "person" under § 1983. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a county cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a county, or other local governmental unit or municipality, must identify the county "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). In this case, while including King County as one of many named defendants, plaintiff did not identify a county policy or custom causing a violation of his constitutional rights.

Plaintiff may have sought to name individual defendants. (*See* Dkt. 4-1 at 1 and Dkt. 6.) However, to do so, he must allege facts showing how each individual caused or personally participated in causing the harm alleged. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Supervisory personnel may not be held liable for actions of subordinates under a theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Whatever his intention may have been, plaintiff failed to set forth facts showing when, where, and how an individual personally participated in causing him harm of constitutional dimension.

/ / /

C.  Other Claims

Plaintiff listed numerous other statutory provisions in the complaint, but did not discuss those provisions or explain how they apply or would serve to provide him with relief. (*See* Dkt. 4-1 at 1-2.) He also indicated his desire to add claims in the statement provided after the proposed complaint. (*See* Dkt. 10.) However, plaintiff failed to properly state a claim under any other statutory provision by identifying a specific statute violated, explaining its applicability to his claim, setting forth facts in support, and identifying a proper defendant.

D.  Other Named Defendants

Other entities and individuals identified in the caption of the complaint are not properly sued in this matter and/or do not appear connected to the allegations raised. The United States has sovereign immunity except when it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Neither states, nor entities that are arms of the state, including Harborview Medical Center, are "persons" for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Hontz v. State*, 105 Wn.2d 302, 310, 714 P.2d 1176 (1986). Nor is a municipal department or bureau, such as the Seattle Police Department or Seattle Office of Civil Rights, a proper defendant in an action under § 1983. *See United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring); *City of Seattle v. Dutton*, 147 Wn. 224, 226, 265 P. 729 (1928). Private entities and individuals, such as Securus Technologies and public defenders, are not acting under color of state law and subject to suit under § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Finally, § 1983 claims for monetary damages against judges are barred by absolute judicial immunity, *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991), and there is no apparent connection between the allegations raised and the federal judges identified as

defendants in this matter.

E.	Exhaustion

Pursuant to the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  It applies to both prisoners and pretrial detainees, *see, e.g.*, *Panaro v. City of North Las Vegas*, 432 F.3d 949, 950, 952 (9th Cir. 2005), and to § 1983 claims and suits brought under the ADA and RA, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059-62 (9th Cir. 2007).  Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007).  It must be "proper" and include compliance with a prison's grievance procedures. *Id*. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  Plaintiff did not address the issue of whether he has properly exhausted his administrative remedies.

## CONCLUSION

Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss a case at any time if it determines the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Plaintiff here appears to raise some frivolous allegations, seeks relief against some defendants who are immune from such relief, and otherwise fails to state a claim on which relief may be granted.  Because plaintiff failed to adequately allege a cause of action in his original complaint, failed to remedy the identified deficiencies in the statement submitted, and elected not to file an amended complaint, his

1  complaint and this action should be dismissed with prejudice under § 1915(e)(2)(B). Because the

2  Court recommends dismissal on this ground, it also recommends the dismissal count as a "strike"

3  under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

4      DATED this <u>4th</u> day of June, 2019.

                    Mary Alice Theiler
                    United States Magistrate Judge